IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         **Case No. 10-40131-01-RDR**

KENNETH WAYNE HARRISON,

        Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

On December 15, 2010, the defendant was charged with possession with intent to distribute 50 grams or more of crack cocaine on or about October 7, 2010 in violation of 21 U.S.C. § 841(a)(1). The defendant eventually entered into a Fed.R.Crim.P. 11(c)(1)(C) guilty plea on February 10, 2011. The plea agreement provided that the parties had agreed to a sentence of 180 months imprisonment and five years of supervised release. On May 9, 2011, the court, after approving the plea agreement, imposed a sentence of 180 months with five years of supervised release. A presentence investigation report (PSIR) had been prepared for the court for sentencing. The PSIR indicated that the defendant's total offense level was 34 and his criminal history category was VI. The PSIR

noted that the defendant's base offense level was 26 based upon his responsibility for 55.01 grams of crack cocaine.  However, his offense level was increased to 37 because he qualified as a career offender under U.S.S.G. § 4B1.1.

In the instant motion, the defendant seeks a reduction of sentence based upon the application of the Fair Sentencing Act of 2010 (FSA), Pub.L. No. 111-220, 124 Stat. 2372 (2010).  He asserts that the FSA should have been applied in his case and it would have required a lower sentence.

The government contends that the defendant's motion lacks merit for several reasons:  (1) the defendant entered into a Rule 11(c)(1)(C) plea agreement providing for a specific sentence of 180 months; (2) the defendant's guideline calculation was based on his status as a career offender, not the amount of drugs attributable to him; and (3) the defendant's base offense level was calculated using the standards adopted in the FSA.

The FSA applies to defendants who committed crack cocaine offenses before August 3, 2010, the date of its enactment, but who are sentenced thereafter.  The FSA sought to reduce the disparity between federal criminal penalties for crack cocaine and powder cocaine by lowering the gram-penalty ratio from 100:1 to 18:1.

Under 18 U.S.C. § 3582(c)(2), the district court is authorized to modify a sentence or reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

Recently, in Freeman v. United States, 131 S.Ct. 2685 (2011), the Supreme Court determined, in a split majority opinion, that defendants who are sentenced in accordance with binding agreements under Rule 11(c)(1)(C) may in some cases be eligible for relief under § 3582(c)(2). Justice Sotomayor indicated in her controlling concurrence that a Rule 11(c)(1)(C) sentence is eligible for such relief where the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment." Id. at 2698 (Sotomayor, J., concurring in the judgment).

The court need not determine if the defendant can pursue a reduction under § 3582(c)(2) because the reduced sentencing guidelines mandated by the FSA were applied here and considered by the court when the plea agreement in this case was accepted. In addition, the guideline range under the FSA had no impact on the defendant's sentence due to his status as a career offender. In sum, the defendant is not entitled to any relief under § 3582(c)(2).

**IT IS THEREFORE ORDERED** that defendant's motion for sentence reduction (Doc. # 28) be hereby denied.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2011 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge