IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,
        *Plaintiff*,

v.        Case No.   **5:10-cr-40131-JAR-1**

**KENNETH WAYNE HARRISON,**
        *Defendant*.

## Agreed Order Granting Motion to Vacate

The parties jointly move, pursuant to 28 U.S.C. § 2255, to vacate Mr. Harrison's sentence and resentence him on grounds that he was charged and convicted under a subsection of the Controlled Substances Act—21 U.S.C. § 841(b)(1)(A)—that was factually inapplicable to him. In other words, the parties seek to correct Mr. Harrison's sentence because he is actually innocent of his crime of conviction. The government affirmatively waives timeliness, procedural default, and any other procedural defenses.

On August 3, 2010, the Fair Sentencing Act was signed into law, increasing the quantity of cocaine base required to trigger certain sentencing enhancements in 21 U.S.C. § 841. Two months later, on October 7, 2010, Mr. Harrison was arrested with **55.01** grams of cocaine base in his pocket.[1] A

---

[1] Factual Basis for the Guilty Plea, as set forth in Plea Agreement, Doc. 18.

federal grand jury indicted Mr. Harrison on a single count of possession with intent to distribute "fifty (50) grams or more of a mixture and substance containing a detectable quantity of cocaine base . . . with reference to Title 21, United States Code, Section[ ] . . . 841(b)(1)**(A)(iii)**."[2]

*Before* the Fair Sentencing Act, 50 grams or more of cocaine base, in combination with Mr. Harrison's prior drug convictions,[3] would have triggered a mandatory sentence of life imprisonment under § 841(b)(1)(A)(iii) and a mandatory minimum 5-year term of supervised release. But *since* the Fair Sentencing Act—which came into effect before Mr. Harrison's offense—the life-imprisonment enhancement in § 841(b)(1)(A)(iii) only applies to cases involving "280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base."

Mr. Harrison thus should have been charged, at most, under § 841(b)(1)**(B)(iii)**, which applies in a case involving "28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base." In that case, "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more

---

[2] Indictment, Doc 1.

[3] Mr. Harrison has two prior Kansas drug-sale convictions. PSR at 10-11.

than life imprisonment," and to a mandatory minimum 4-year term of supervised release. 841 U.S.C. § 841(b)(1)(B).

Mr. Harrison pleaded guilty under Rule 11(c)(1)(C) to possessing with intent to distribute 55.01 grams of cocaine base, agreeing to a 15-year sentence of imprisonment[4] in exchange for the government's dismissal of the section 851 information it had filed invoking § 841(b)(1)(A)(iii)'s life-sentence provision.[5] The district court accepted Mr. Harrison's plea, adjudged Mr. Harrison guilty under § 841(b)(1)(A), and sentenced Mr. Harrison to 15 years' imprisonment (pursuant to the plea agreement) followed by a 5-year term of supervised release (pursuant to § 841(b)(1)(A)).[6]

The parties now recognize that Mr. Harrison was overcharged and his plea was ill informed. Having pleaded guilty to possessing with intent to distribute no more than 55.01 grams, Mr. Harrison is factually innocent of § 841(b)(1)(A). This is so because drug quantity is an element of § 841(b)(1)(A) required to sustain a conviction under that subsection. *See United States v. Ellis*, 868 F.3d 1155, 1170 (10th Cir. 2017); *United States v. Dewberry*, 790

---

[4] This term was consistent with the career-offender guideline, which would not apply to Mr. Harrison today under *United States v. Madkins*, 866 F.3d 1136, 1143-48 (10th Cir. 2017).

[5] 851 Information, Doc. 5; Petition to Enter Plea of Guilty, Doc. 17; Plea Agreement, Doc. 18.

[6] Judgment, Doc. 25.

3

F.3d 1022, 1029 (10th Cir. 2015). Because he is actually innocent of his crime of conviction, Mr. Harrison is entitled to relief.

This Court has broad powers under 28 U.S.C. § 2255 to set a judgment aside and resentence a prisoner "as may appear appropriate." 28 U.S.C. § 2255(b). In this case, Mr. Harrison does not seek to withdraw his plea or vacate his conviction. Instead, the parties have agreed to resolve this matter by recommending that Mr. Harrison be resentenced under the provisions of § 841(b)(1)(B), to 120 months' imprisonment followed by a 4-year term of supervised release.

This Court therefore vacates Mr. Harrison's sentence and imposes a new sentence of 120 months' imprisonment to be followed by a 4-year term of supervised release.

**IT IS SO ORDERED.**

Dated: <u>August 17, 2018</u>

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

Prepared by FPD/Approved by USAO